IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Anthony DeGidio,   Case No. 3:09CV721

    Plaintiff

v.   ORDER

Centocor, Inc., et al,

    Defendants

This is a products liability and medical malpractice case. Plaintiff Anthony DeGidio sued Centocor, Inc., Johnson & Johnson, Ortho-McNeil Pharmaceutical, Inc. [collectively "Drug Company Defendants"], Ray Miller, D.O., and Jane Doe, Nurse Practitioner [jointly "Healthcare Defendants"] for his injuries allegedly caused by ingestion of the prescription drug, Remicade®. DeGidio filed suit in state court and the Drug Company Defendants removed the case to federal court.

Pending is DeGidio's motion to remand and for attorney's fees [Doc. 5]. For the reasons discussed below, I shall deny the DeGidio's motion to remand as to the Drug Company Defendants, except as to the Healthcare Defendants. I shall also deny DeGidio's motion for attorney's fees.

1

**Background**

DeGidio, a citizen of the State of Ohio, sued the Drug Company Defendants and Healthcare Defendants in the Common Pleas Court of Lucas County, Ohio.[1] Against the Drug Company Defendants, DeGidio alleges state statutory products liability claims, fraud, civil conspiracy / commercial bribery, and punitive damages. DeGidio claims, specifically, that the Drug Company Defendants manufactured and distributed a defective drug, Remicade®, misrepresented its safety, and knowingly or intentionally offered benefits, gifts, and gratuities to entice physicians, pharmacists, and insurance companies and convince them of the drug's effectiveness.

None of the Drug Company Defendants are, or have ever been, citizens of Ohio. Defendant Centocor, Inc. changed its name to Centocor Ortho Biotech, Inc. in December, 2008. It is a Pennsylvania corporation with its principal place of business in Pennsylvania. Defendant Johnson & Johnson is a New Jersey corporation with its principal place of business in New Jersey. Ortho-McNeil Pharmaceutical, Inc. transferred its assets and liabilities to Janssen Pharmaceutica Inc. in December, 2007, and is now known as Ortho-McNeil-Janssen Pharmaceuticals, Inc. It is a Pennsylvania corporation with its principal place of business in New Jersey. What remained of Ortho-McNeil Pharmaceutical, Inc. became a Limited Liability Company incorporated in Delaware with its principal place of business in New Jersey.

DeGidio, additionally, claims that the Healthcare Defendants are liable for medical malpractice. Among other allegations, DeGidio contends that Dr. Miller and Nurse Doe failed to

---

[1] DeGidio did not attach an affidavit of merit to his complaint. Instead, he requested a ninety-day extension, which the state court granted. On June 4, I granted DeGidio a final extension, requiring him to submit an affidavit of merit by August 3, 2009 [Doc. 10]. As of this opinion's filing date, DeGidio has not yet submitted such affidavit.

adequately warn DeGidio of Remicade®'s risks, timely diagnose his condition, and refer him to a specialist. DeGidio does not allege that Dr. Miller prescribed Remicade® to him.

Dr. Miller is a resident of Perrysburg, Ohio, and thus, a citizen of the State of Ohio. Nurse Doe's citizenship is currently unknown.

The Drug Company Defendants removed this case to the United States District Court for the Northern District of Ohio on the basis of diversity jurisdiction. The Healthcare Defendants did not join in the removal.

On April 29, 2008, DeGidio filed the pending motion to remand and for an award of attorney's fees [Doc. 5].

**Standard of Review**

A defendant may remove any civil action in state court "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). After removal, a plaintiff may bring a motion to remand to state court under 28 U.S.C. § 1447(c).

The Drug Company Defendants, as the removing party, bear the burden of showing that federal jurisdiction exists. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Rogers v. Wal-Mart Stores*, *Inc.*, 230 F.3d 868, 871-72 (6th Cir. 2000). I must grant DeGidio's motion to remand to state court if I find that complete diversity jurisdiction or federal question jurisdiction do not exist. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Absent diversity of citizenship, federal-question jurisdiction is required" for proper removal to federal court); *Caudillo v. North Am. Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000).

Because removal jurisdiction raises significant concerns about federalism, I must resolve "[a]ll doubts regarding the removal petition . . . against removal." *City of Cleveland v. Deutsche*

*Bank Trust Co.*, 571 F.Supp.2d 807, 811 (N.D. Ohio 2008) (citing *Queen ex rel. Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989)).

## Discussion

The Drug Company Defendants removed this case by asserting diversity jurisdiction. Under 28 U.S.C. § 1332, diversity of citizenship exists when no plaintiff and no defendant are citizens of the same state and the amount in controversy exceeds $75,000.

DeGidio correctly argues that on the face of his complaint, complete diversity does not exist, as both he and Dr. Miller reside in the State of Ohio. *See SHR Ltd. Partnership v. Braun*, 888 F.2d 455, 456 (6th Cir. 1989) ("Diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation.").

The Drug Company Defendants, however, assert that federal jurisdiction is proper because of: 1) a federal court's ability to sever dispensable parties under Rule 21; 2) the fraudulent misjoinder doctrine; and 3) the fraudulent joinder doctrine.

For the following reasons, I sever and remand the nondiverse, dispensable Healthcare Defendants to perfect diversity jurisdiction. Given this decision, I need not decide whether diversity jurisdiction exists under the doctrines of fraudulent misjoinder or fraudulent joinder.

### 1. Rule 21: Dispensable Parties

The Drug Company Defendants correctly assert that under Rule 21 of the Federal Rules of Civil Procedure, I can retain jurisdiction by severing claims against nondiverse dispensable defendants. *See Newman-Green, Inc. v. Alfonso-Larrain*, 490 U.S. 826, 832 (1989) ("[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered."); *Soberay Mach. & Equip. Co. v.*

4

*MRF Ltd.*, 181 F.3d 759, 763 (6th Cir. 1999) ("[I]t is appropriate to drop a nondiverse and dispensable party from litigation in order to achieve diversity."); *Safeco Ins. Co. v. City of White House*, 36 F.3d 540, 545 (6th Cir. 1994) ("Rule 21 of the Federal Rules of Civil Procedure permits a district court to retain diversity jurisdiction over a case by dropping a nondiverse party if that party's presence in the action is not required under Federal Rule of Civil Procedure 19.").

To determine whether to drop the nondiverse Healthcare Defendants, I must ascertain whether they are indispensable parties. To make that decision, I am to follow a two-step process under Fed.R.Civ.P. 19.

I first assess under Rule 19(a) whether the party is necessary for just adjudication. A party is necessary if: "(1) complete relief cannot be given to existing parties in his absence; (2) disposition in his absence may impair his ability to protect his interest in the controversy; or (3) his absence would expose existing parties to substantial risk of double or inconsistent obligations." *Safeco Ins. Co.*, *supra*, 36 F.3d at 546; Fed.R.Civ.P. 19(a).

If the party is necessary, then, under Rule 19(b), I determine if he is indispensable by considering whether: 1) a judgment rendered in the party's absence would prejudice the available party; 2) such prejudice could be lessened or avoided; 3) a judgment rendered in the party's absence would be adequate; and 4) the plaintiff has an adequate remedy if the action is dismissed for nonjoinder. *Soberay*, *supra*, 181 F.3d at 764.

Here, the Healthcare Defendants are not necessary parties as the resolution of DeGidio's claim against them would not resolve his claim against the Drug Company Defendants. DeGidio's claims against the two defendants involve different legal standards and different factual allegations.

5

With regard to the Healthcare Defendants, DeGidio alleges medical negligence – namely, that Dr. Miller and Nurse Doe failed to adequately warn DeGidio of Remicade®'s risks, timely diagnose his condition, and refer him to a specialist. These allegations relate to the manner in which the Healthcare Defendants diagnosed and treated DeGidio. To pursue a claim, DeGidio will likely focus on his interactions with the Healthcare Defendants, interpretations of medical tests, and subsequent treatment.

Such medical malpractice allegations differ from DeGidio's product liability claims which focus on the Drug Company Defendants' conduct in manufacturing, distributing, promoting, and marketing Remicade®. Resolution of these allegations require inquiries into the companies' product development, communication with the Food and Drug Administration, and information provided to prescribing physicians.

These differences are exemplified by the fact that DeGidio does not allege that Dr. Miller was the doctor who prescribed Remicade® to him. This is particularly relevant because of O.R.C. § 2307.76 (C), whereby manufactures of ethical drugs owe their duty to warn of a drug's risks to the prescribing physician.

Simply because the Healthcare Defendants are joint tortfeasors does not make them necessary. *See PaineWebber*, *Inc. v. Cohen*, 276 F.3d 197, 204 (6th Cir. 2001). As such, the Healthcare Defendants do not meet any of the elements to be deemed a necessary party. *See Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990) (finding doctor who performed an implant surgery was not a necessary party to a products liability action against the medical device's manufacturer).

Because "indispensable parties are a subset of necessary parties," given my conclusion that the Healthcare Defendants are not a necessary party, they "cannot be an indispensable party either."

6

*Thomas v. Roberts*, 2006 WL 3692862, * 2 (N.D. Ohio). Nonetheless, other courts have found healthcare defendants to be dispensable parties in similar litigation. *See Todd by Todd v. Merrill Dow Pharms., Inc.*, 942 F.2d 1173, 1176 (7th Cir. 1991) (finding that the physician who ordered the injection of a drug not indispensable in a products liability case against a drug manufacturer); *Phillips v. Knoll Pharm. Co.*, No. 03-8044, Slip Op. at 2-3 (N.D. Ohio September 4, 2003) (Gwin, J.) (dropping physician defendants under Rule 21 to perfect diversity jurisdiction after finding them to be dispensable parties); *Williams v. Knoll Pharm. Co.*, No.03-8030, Slip Op. at 5-7 (N.D. Ohio July 11, 2003) (Gwin, J.) (dismissing nondiverse healthcare defendants to retain diversity of citizenship over pharmaceutical defendant).

The court in *Phillips* and *Williams* reasoned that the plaintiffs still "have an adequate remedy if the Court drops the nondiverse Physician Defendants because the Meridia plaintiffs can proceed with their claims against the Physician Defendants in state court." *Phillips*, *supra*, No. 03-8044, Slip Op. at 9; *Williams*, *supra*, No.03-8030, Slip Op. at 7.

Here, similarly, DeGidio retains an adequate remedy against the Healthcare Defendants as he can proceed with his claims in state court. While fighting on two fronts will no doubt be inconvenient, and probably more expensive, I do not find the maintenance of two lawsuits unfairly or unduly prejudicial. *See PaineWebber*, *supra*, 276 F.3d at 204 ("multiple proceedings and inconsistent results in state and federal court . . . can occur whenever joint tortfeasors are not parties to the same lawsuit. This form of prejudice, however, does not require a finding that joint tortfeasors are necessary or indispensable parties.").

I, therefore, find the Healthcare Defendants to be dispensable parties, sever them from the claims against the Drug Company Defendants, and in doing so, perfect diversity jurisdiction.

## 2. Fraudulent Misjoinder Doctrine

The Drug Company Defendants argue that I may dismiss and remand the claims against the nondiverse Healthcare Defendants because they were fraudulently misjoined. *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996) (abrogated on other grounds).

"Fraudulent misjoinder occurs when a plaintiff attempts to defeat removal by misjoining the unrelated claims of non-diverse party plaintiffs against a defendant, or . . . by misjoining unrelated claims of a plaintiff against non-diverse party defendants." *Geffen v. General Electric Co.*, 575 F.Supp.2d 865, 869-72 (N.D. Ohio 2008). Whereas the fraudulent joinder doctrine addresses the viability of claims against the defendant, the theory of fraudulent misjoinder addresses the joinder of the claims, not their viability. *Id*.

Many courts have criticized the fraudulent misjoinder doctrine. *See id*. Responding to this criticism, a recent case in the Northern District of Ohio declined to apply the fraudulent misjoinder doctrine. *Geffen*, *supra*, 575 F.Supp.2d at 869-70 (noting, also, that the Sixth Circuit has yet to adopt the fraudulent misjoinder doctrine).

Other district courts in the Sixth Circuit, however, have considered this doctrine with varying degrees of approval. *See Asher v. Minnesota Mining and Mfg. Co.*, 2005 WL 1593941, * 7 (E.D. Ky.) (finding it proper for federal courts to decide whether parties are misjoined through an analysis of state procedural law); *Phillips*, *supra*, No. 03-8044, Slip Op. at 7, 10-11 (declining to engage in a fraudulent joinder analysis per se, but finding nonetheless that the nondiverse physician defendants were not properly joined under Rule 20).

Likewise, I previously opted not to evaluate the doctrine's viability. *See Joseph v. Baxter Int'l Inc*, 2009 WL 1323738, * 5 ("I have no need to opine on the doctrine's viability.").

As I did in *Joseph*, I will not assess the doctrine's viability or decide whether the Healthcare Defendants were fraudulently misjoined. Because Rule 21 applies to properly joined parties, my conclusion regarding the dispensability of the Healthcare Defendants is determinative. *See Newman-Green*, *Inc*., *supra*, 490 U.S. at 832; *Safeco Ins. Co.*, *supra*, 36 F.3d at 545;*Williams*, *supra*, No.03-8030, Slip Op. at 7; Moore's Federal Practice § 21.05 at 21-25 ("Despite its title, 'Misjoinder and Nonjoinder of Parties,' the courts agree that the Rule may apply even in the absence of misjoinder or nonjoinder. For example, the Supreme Court has recognized the use of Rule 21 to dismiss a properly joined party for the purpose of maintaining diversity of citizenship.").

### 3. Fraudulent Joinder Doctrine

The Drug Company Defendants also contend that DeGidio fraudulently joined the Healthcare Defendants. Fraudulent joinder is "a judicially created doctrine that provides an exception to the requirement of complete diversity." *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). To prove fraudulent joinder, the removing party must present sufficient evidence that the plaintiff could not have established a cause of action against non-diverse defendants under state law. *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).

To survive the fraudulent joinder doctrine, the plaintiff must have at least a "colorable ground for so claiming." *Id.* ("There can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law."); *see King v. Centerpulse Orthopedics*, *Inc*., 2006 WL 456478, * 2 (N.D. Ohio) ( "[T]he question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved.").

9

The Drug Company Defendants assert that DeGidio's failure to provide an affidavit of merit renders his claim insufficient as a matter of law, and even if DeGidio had submitted such affidavit, he has failed to allege sufficient facts to support his medical malpractice claim.

As I explained with regard to the Drug Company Defendant's fraudulent misjoinder argument, I need not determine whether DeGidio fraudulently joined the Healthcare Defendants. My decision to sever the Healthcare Defendants as dispensable parties under Rule 21 is determinative.

**Conclusion**

For the foregoing reasons, it is hereby:

ORDERED THAT

1. Plaintiff's motion to remand [Doc. 5] be, and the same hereby is denied, except as to the claims against the Healthcare Defendants which are severed and remanded without prejudice;

2. Plaintiffs' request for attorney's fees be, and the same hereby is denied.

3. A scheduling conference is set for July 6, 2009 at 10:30 a.m. Out of town counsel may participate by phone.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge
